CLARK, J., dissenting.
I dissent and would deny conditional admission.
By granting conditional admission to this applicant, this Court has once again lowered the standards demanded of members of the Bar.
After having first certified to the Southern University Law Center that she had never been arrested for any violation of the law, including arrests which had been expunged, the applicant later admitted to having been arrested and having had a bill of information filed against her for bank fraud and felony theft.[1] Further, applicant was found by the Southern University Law Center to have committed plagiarism by submitting a classmate's schoolwork as her own. Based on the evidence of these three acts (the fraud and theft, the false certification, and the plagiarism), and upon the applicant's less than forthcoming testimony, I do not believe that the applicant has shown by clear and convincing evidence that she possesses the good moral character and fitness to be admitted to the Louisiana Bar.
For these reasons, I would deny the applicant admission to the Bar. At a minimum I would require applicant to appear before this Court to orally argue why she possesses the requisite character and fitness.
Crichton, J., dissents and would deny admission.
Based on the record established by the Committee on Bar Admissions Panel on Character and Fitness, I dissent and would deny admission.

The applicant was offered a pre-trial diversion program, which she completed. The matter was later expunged.